MATHESON & MATHESON, P.L.C.
Darrel S. Jackson – 018415
djackson@mathesonlegal.com
Michelle R. Matheson – 019568
mmatheson@mathesonlegal.com
Matthew E. Walls – 026523
mwalls@mathesonlegal.com
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Lewin, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| IANET, Inc., an Arizona corporation; John Donley and Rona Donley, husband and wife; | **(JURY TRIAL REQUESTED)** |
| Defendants. | |

Plaintiff alleges:

1.   This case arises out of Defendants' unlawful employment practices. Specifically, Defendants failed and refused to pay overtime to Plaintiff as required by the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*

2.   Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claim under the FLSA.

3. This Court is the proper venue, pursuant to 28 U.S.C. § 1391, because the Defendants reside in Arizona and all of the events or omissions giving rise to Plaintiff's claim occurred in Maricopa County, Arizona.

4. Plaintiff is currently, and at all times relevant to this action was, a resident of Maricopa County, Arizona.

5. Defendant IANET, Inc. is an Arizona corporation, and is doing business in Maricopa County. At all relevant times, IANET was Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

6. Upon information and belief, Defendants John A. Donley and Rona Donley are a married couple and are residents of Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable. Mr. Donley is President and Chief Executive Office of IANET. Mr. Donley is the sole Director of IANET. Mrs. Donley is Secretary of IANET. In their capacities as officers of IANET, both Mr. Donley and Mrs. Donley exercise significant economic control over IANET, including control over decisions regarding how to pay Plaintiff. At all relevant times, Mr. and Mrs. Donley were Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

7. IANET is a nation-wide insurance appraisal management company. Insurance companies retain IANET to serve as an independent appraiser and adjuster of insurance claims.

8. Plaintiff worked for IANET from January 2008 through August 2012.

9. Plaintiff customarily and regularly performed non-exempt work for purposes of the FLSA.

10. Plaintiff worked in IANET's "total loss" department. Her primary job duty was to transfer completed appraisal reports to IANET's client insurance companies.

11. IANET required Plaintiff to transfer at least 31 appraisal reports per day.

12. Plaintiff did not evaluate or modify the substance of any appraisal reports.

13. Plaintiff did not make any decisions regarding assigning work to appraisers.

14. Plaintiff did not evaluate appraisers' work.

15. Plaintiff did not schedule appraisers' work.

16. Plaintiff did not negotiate with appraisers on behalf of IANET.

17. Plaintiff's job duties also included obtaining bids from salvage yards and forwarding the bid information to IANET's client insurance companies.

18. Plaintiff made no decisions regarding which salvage bids to accept.

19. Plaintiff did not negotiate with salvage yards on behalf of IANET or its client insurance companies.

20. Plaintiff's job duties also included preparing invoices for IANET's client insurance companies.

21. Plaintiff had no authority to make changes to invoices.

22. Plaintiff did not negotiate on behalf of IANET with client insurance companies regarding invoices.

23. Plaintiff regularly worked five days per week, Monday through Friday.

24. Plaintiff regularly reported to work at approximately 8:00 a.m. each work day.

25. Plaintiff regularly stopped work at 6:00 p.m. or later each work day.

26. Plaintiff regularly clocked in and out of work using IANET's computerized time-keeping system.

27. Plaintiff regularly worked in excess of 40 hours per week.

28. Defendants paid Plaintiff on a salary basis.

29. At the end of her employment, Plaintiff's weekly salary was $703.85.

30. Plaintiff received no commissions or any other form of compensation in addition to her fixed salary.

31. Plaintiff received less than $100,000 in total compensation on an annual basis.

32. Plaintiff received no overtime pay for hours worked in excess of 40 each work week.

33. Plaintiff had no managerial duties or functions.

34. Plaintiff rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

35. Plaintiff was subject to daily supervision and was not free from supervision in connection with matters of significance while employed by Defendants.

36. Plaintiff did not have the authority to commit Defendants in matters that had significant financial impact.

37. Plaintiff had little, if any, authority to waive or deviate from established policies and procedures without prior approval.

38. Plaintiff did not supervise other employees.

39. Plaintiff made no decisions or recommendations regarding hiring, firing, or disciplining other employees.

40. Plaintiff made no decisions regarding work schedules for other employees.

## COUNT ONE

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

41. Plaintiff incorporates by reference the allegations above.

42. Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those terms are defined by the FLSA.

43. Defendants' annual gross volume of sales or business done was not less than $500,000.00.

44. Defendants are a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. § 203.

45. Plaintiff was a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

46. The overtime provision of the FLSA, 29 U.S.C. § 207, applies to Defendants.

47. Plaintiff regularly worked in excess of 40 hours per week for Defendants, but received no overtime pay.

48. Plaintiff was a nonexempt employee under the FLSA.

49. Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

50. Defendants did not make a good-faith effort to ascertain and comply with their obligations to Plaintiff under the FLSA.

51. Defendants' violation of the FLSA was willful.

52. Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## **REQUESTED RELIEF**

A. For the Court to find that the Defendants willfully violated the overtime provisions of the FLSA;

B. For the Court to find that a three-year limitations period is appropriate because Defendant willfully violated the FLSA;

C. For an award of damages of unpaid overtime, plus an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

D. For an award of Plaintiff's reasonable attorneys' fees and costs; and

E. For an award of pre and post judgment interest on all compensation due.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated this 23rd day of January, 2013

Matheson & Matheson, P.L.C.

By: /s/ Darrel S. Jackson